1 | RUTTER HOBBS & DAVIDOFF
INCORPORATED
2 | BRIAN L. DAVIDOFF (State Bar No. 102654)
ERIC C. PETERSON (State Bar No. 206578)
3 | 1901 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
4 | Telephone: (310) 286-1700
Facsimile: (310) 286-1728
5 |
ROBERT HELLER, ESQ.
6 | ROBERT M. HELLER, APLC
1875 Century Park East, Suite 1000
7 | Los Angeles, California 90067
Telephone: 310-286-1515
8 | Facsimile: 310-286-0046
9 | Attorneys for Creditor
CONTAGIOUS ENTERTAINMENT, LLC
10 |
11 | UNITED STATES BANKRUPTCY COURT
12 | CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION
13 |

| | | |
|---|---|---|
| 14 | In re: | ) Case No.: 2:08-bk-32208-BR |
| 15 | YARI FILM GROUP RELEASING, LLC, | ) |
| 16 | Debtor and Debtor-in-Possession, | ) Chapter 11 |
| 17 | | ) **EXHIBITS A AND B TO THE DECLARATION** |
| 18 | | ) **OF ROBERT M. HELLER TO MOVANT CONTAGIOUS ENTERTAINMENT LLC** |
| 19 | | ) **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| 20 | | ) Date: March 11, 2009 |
| 21 | | ) Time: 10:00 a.m. |
| 22 | | ) Ctrm.: 1668 |
| 23 | | ) |

24 | PLEASE TAKE NOTICE that attached hereto are Exhibits A and B to the Declaration of

25 | Robert M. Heller of Movant Contagious Entertainment, LLC's Notice and Notice Motion for

26 | //

27 | //

28 | //

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
L A W Y E R S

{} -1-

EXHIBITS A AND B DECLARATION OF ROBERT M. HELLER TO CONTAGIOUS MOTION FOR RELIEF
{7715.001-537733.DOC-(1)}

1 | Relief from the Automatic Stay which was filed concurrently on February 9, 2009.

2

3 | DATED:  February 9, 2009

RUTTER HOBBS & DAVIDOFF
INCORPORATED

4

5

By _____

6

BRIAN L. DAVIDOFF
ERIC C. PETERSON
Attorneys for Creditor
CONTAGIOUS ENTERTAINMENT, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
L A W Y E R S

{}

-2-

EXHIBITS A AND B DECLARATION OF ROBERT M. HELLER TO CONTAGIOUS MOTION FOR RELIEF
{7715.001-537733.DOC-(1)}

# EXHIBIT A

1  Robert M. Heller, Esq. [State Bar No. 80984]
   ROBERT M. HELLER,
2  A PROFESSIONAL LAW CORPORATION
3  1875 Century Park East, Suite 1000
   Telephone: (310) 286-1515
4  Facsimile: (310) 286-0046
   Email: Heller@rhellerlaw.com
5  Los Angeles, California 90067

6

7  Attorneys for Plaintiff

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF LOS ANGELES

11

12  CONTAGIOUS ENTERTAINMENT, LLC, a )    Case No.: BC 390 515
13  New York Limited Liability Company;    )
                                           )    [Assigned to Hon. James R. Dunn, Dept. 26]
14               Plaintiff,                 )
                                           )
15      vs.                                 )
                                           )    **FIRST AMENDED COMPLAINT FOR**
16                                          )    **BREACH OF CONTRACT; BREACH OF**
    BOB YARI PRODUCTIONS, a California      )    **THE COVENANT OF GOOD FAITH**
17  Corporation; SYNDICATE FILMS,          )    **AND FAIR DEALING; BREACH OF**
18  INTERNATIONAL, a California limited    )    **FIDUCIARY DUTY; AND AN**
    liability company; ILLUSIONIST         )    **ACCOUNTING**
19  DISTRIBUTION, LLC, a Delaware limited  )
    liability company; YARI FILM GROUP     )
20  RELEASING, a California limited liability )
    company; BOB YARI, an individual; and  )
21  DOES 1 through 50 Inclusive;           )
                                           )
22                                          )
23               Defendants.                )

24

25

26

27

28

                        FIRST AMENDED COMPLAINT

S:8/27/(

Plaintiff Contagious Entertainment, LLC hereby alleges as follows:

I.

## PARTIES AND VENUE

1.    Plaintiff Contagious Entertainment, LLC ("Contagious") is a limited liability company organized under the laws of the State of New York, with a principal place of business in the City of Los Angeles, County of Los Angeles, State of California.  Contagious is authorized to do business within the State of California.

2.    Defendant Bob Yari Productions ("Yari Productions") is a corporation organized under the laws of the State of California with its principal place of business in the City of Los Angeles, County of Los Angeles, State of California.

3.    Defendant Syndicate Films, International ("Syndicate Films") is a limited liability company organized under the laws of the State of California with its principal place of business in the City of Los Angeles, County of Los Angeles, State of California.  Syndicate Films is an affiliate of Yari Productions.

4.    Defendant Illusionist Distribution, LLC ("Illusionist Distribution") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the City of Los Angeles, County of Los Angeles, State of California Illusionist Distribution is an affiliate of Yari Productions.

5.    Defendant Yari Film Group Releasing ("Yari Releasing") is a limited liability company organized under the laws of the State of California with its principal place of business in the City of Los Angeles, County of Los Angeles, State of California.  Yari Releasing is an affiliate of Yari Productions.

1

---

FIRST AMENDED COMPLAINT

6.     Defendant Bob Yari ("Mr. Yari") is an individual and, upon information and belief, a resident of the City of Los Angeles, County of Los Angeles, State of California.

7.     Contagious is informed and believes and thereon alleges that defendants Yari Productions, Syndicate Films, Illusionist Distribution and Yari Releasing are the alter egos of Mr. Yari.

8.     Contagious is further informed and believes and thereon alleges that Mr. Yari dominates and controls defendants Yari Productions, Syndicate Films, Illusionist Distribution and Yari Releasing and that there is such a unity of interest and ownership that the separate personalities of Mr. Yari and defendants Yari Productions, Syndicate Films, Illusionist Distribution and Yari Releasing no longer exist. Furthermore, if the acts are treated as those of defendants Yari Productions, Syndicate Films, Illusionist Distribution and/or Yari Releasing alone, an inequitable result will follow.

9.     Contagious is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Contagious will amend this complaint to allege their true names and capacities when ascertained.

10.     Contagious is informed and believes and thereon alleges that each of such fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Contagious' injuries as herein alleged were proximately caused by these defendants' acts.

11.     Contagious is informed and believes and thereon alleges that defendants Does 1 through 50, inclusive, were the agents, servants, employees, alter-egos, instrumentalities, representatives, co-ventures, co-conspirators and partners of Yari Productions, Syndicate Films, Illusionist Distribution, Yari Releasing and Mr. Yari and in doing the things hereinafter alleged,

2

FIRST AMENDED COMPLAINT

were acting within the scope of their authority as such agents, servants, employees, alter-egos, instrumentalities, representatives, co-ventures, co-conspirators and partners and with the knowledge, permission and consent or with the approval or ratification of their co-defendants, and, as such, share liability with each other with respect to said matters complained of herein. Defendants Yari Productions, Syndicate Films, Illusionist Distribution, Yari Releasing, Mr. Yari and Does 1 through 50, inclusive, shall be collectively referred to herein as "defendants."

## II.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

A.    **Co-Production Agreement.**

   12.    On or about September 3, 2004, Contagious and Yari Productions entered into a written Co-Production Agreement ("Co-Production Agreement") for the purpose of financing and producing motion pictures.

   13.    The Co-Production Agreement contains a confidentiality provision that provides that the "terms of and fact of this Agreement shall remain confidential and shall not be disclosed to any third party" "until such time" as "the initial press releases announcing this Agreement and in connection with each of the Pictures[.]" The confidentiality provision further states, however, that any "such disclosure shall be limited solely to the extent necessary to satisfy the required or permitted objective and the confidentiality of the remainder of the Agreement shall be maintained."

   14.    In light of the inconsistency of the confidentiality provision and in an abundance of caution, Contagious neither attaches the Co-Production Agreement to this complaint nor quotes any substantive provisions directly from the Co-Production Agreement. Rather, Contagious alleges only the substance of relevant terms.

3

FIRST AMENDED COMPLAINT

15. The Co-Production Agreement provides that Yari Productions will create a separate entity to produce, complete and deliver the motion pictures and that the new entity will acquire all of the literary, music and other underlying rights with respect to the motion pictures. The Co-Production Agreement refers to this new entity as "Newco." Contagious will amend this complaint to allege the entity's actual name when ascertained.

16. The Co-Production Agreement provides that defendant Syndicate Films, an affiliate of Yari Productions, would be the sales agent for all foreign sales and that it would receive a commission of ten percent of the gross receipts.

17. Under the terms of the Co-Production Agreement, Contagious was required to provide $2.0 million in financing for Yari Productions to produce certain motion picture projects.

18. Contagious paid the $2.0 million in accordance with the terms of the Co-Production Agreement.

19. In return, under the terms of the Co-Production Agreement, Yari Productions was required to, *inter alia*, repay Contagious its initial investment plus a percentage of the net profits as defined by the Co-Production Agreement.

20. Only one motion picture, *Gray Matters*, was produced pursuant to the Co-Production Agreement.

21. Pursuant to the terms of the Co-Production Agreement, all revenue from *Gray Matters* was to be paid to a segregated collection account to be administered by a third-party collection account manager approved by Contagious.

22. The Agreement further provided that the account manager was to provide accountings to Contagious in reasonable detail according to a regular schedule and Contagious had the right to audit the books and records once a year upon twenty (20) days notice.

4

FIRST AMENDED COMPLAINT

23.    Yari Productions, Mr. Yari's alter ego, materially breached the Co-Production Agreement, *inter alia*, by failing to open a segregated collection account and failing to provide the accountings required. Without the segregated collection account and the required accountings, Contagious is unable to ascertain whether it has received the full amount due to it under the Co-Production Agreement.

24.    Yari Productions, Mr. Yari's alter ego, further breached the Co-Production Agreement, *inter alia*, by misappropriating approximately $400,000 of Contagious' initial investment to finance defendants' separate projects outside the scope of the Co-Production Agreement. While Contagious believes Yari Productions repaid Contagious the money Yari Productions took without its authorization or consent, Contagious cannot be certain because Yari Productions has not provided Contagious with the required accountings.

25.    Defendants' material breaches of the Co-Production Agreement have caused Contagious to suffer damages in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

**B.    Co-Financing Agreement and Amendment Thereto.**

26.    On or about June 3, 2005, Contagious and Yari Productions entered into a Co-Financing Agreement ("Co-Financing Agreement") for the purpose of financing and producing the motion picture entitled *The Illusionist*.

27.    The Co-Financing Agreement similarly contains a confidentiality provision that states the "terms of and fact of this Agreement shall remain confidential and shall not be disclosed to any third party" "until such time" as "the initial press releases announcing this Agreement and in connection with each of the Pictures[.] [sic]" The confidentiality provision further states, however, that any "such disclosure shall be limited solely to the extent necessary

5

FIRST AMENDED COMPLAINT

1  to satisfy the required or permitted objective and the confidentiality of the remainder of the

2  Agreement shall be maintained."

3

4      28.    In light of the inconsistency of the confidentiality provision and in an abundance

5  of caution, Contagious neither attaches the Co-Financing Agreement to this complaint nor quotes

6  any substantive provisions directly from the Co-Financing Agreement.  Rather, Contagious

7  alleges only the substance of the relevant terms.

8
       29.    The Co-Financing Agreement provides that defendant Illusionist Distribution,
9
10 Mr. Yari's alter ego and an affiliate of Yari Productions, was created by defendants as a separate

11 entity to produce, complete and deliver *The Illusionist*, and that Illusionist Distribution owned all

12 of the literary, music and other underlying rights with respect to the motion picture.

13
       30.    The Co-Financing Agreement further provides that defendant Syndicate Films,
14
15 Mr. Yari's alter ego and an affiliate of Yari Productions, would be the sales agent for all foreign

16 sales and that it would receive a commission of five percent of the gross receipts.

17     31.    The Co-Financing Agreement further provides that although the parties do not

18 know who will act as the domestic distributor, if one of Yari Productions' affiliates becomes the

19
   domestic distributor, Yari Productions would negotiate in good faith with Contagious to agree on
20
21 the distribution fee and any other compensation paid to Yari Productions' affiliate.

22     32.    Under the Co-Financing Agreement, Contagious was required to provide $3.0

23 million in financing for Yari Productions to produce *The Illusionist*.

24     33.    Contagious paid the $3.0 million in accordance with the terms of the Co-
25
   Financing Agreement.
26

27

28

6

FIRST AMENDED COMPLAINT

34.     In return, under the Co-Financing Agreement, Yari Productions was required to, *inter alia*, repay Contagious its initial investment plus a percentage of the net proceeds as defined by the Co-Financing Agreement.  Yari Productions was also required, *inter alia*, to:

    a.  Provide Contagious with copies of all sale and distribution reports and all sales and distribution agreements;

    b.  Account to Contagious in reasonable detail according to a regular schedule, including quarterly accounting statements;

    c.  Allow Contagious to audit its books and records two times per year on twenty (20) days notice; and

    d.  Negotiate in good faith the domestic distribution fee that Yari Productions' affiliated company would receive.

35.     Yari Productions, Mr. Yari's alter ego, however, materially breached the Co-Financing Agreement, *inter alia*, by:

    a.  Failing to provide Contagious with copies of all sale and distribution reports and all sales and distribution agreements;

    b.  Failing to account to Contagious in reasonable detail according to a regular schedule, including quarterly accounting statements; and

    c.  Failing to allow Contagious to audit its books and records despite receiving more than twenty (20) days notice.

36.     Yari Productions, Mr. Yari's alter ego, further materially breached the Co-Financing Agreement, *inter alia*, by failing to negotiate in good faith the domestic distribution fee its affiliate would receive.  Shortly before Yari Productions was due to repay Contagious its $3.0 million investment, Yari Productions informed Contagious that Yari Productions' affiliate,

7

FIRST AMENDED COMPLAINT

defendant Yari Releasing (another of Mr. Yari's alter egos), would be the domestic distributor of *The Illusionist*. Yari Productions informed Contagious that Yari Productions would not repay Contagious the more than $3.0 million it owed to Contagious unless and until Contagious agreed to enter into an amendment to the Co-Financing Agreement that would give Yari Releasing a distribution fee of 27.5% of the domestic gross receipts – a rate more than double the customary industry standard.

37.    Without any leverage and concerned that – in light of Yari Productions' prior misappropriation of Contagious' money – defendants would misappropriate the more than $3.0 million Yari Productions owed to it, Contagious had no choice but to acquiesce to Yari Productions' demand that the parties amend the Co-Financing Agreement and allow Yari Releasing an unconscionable domestic distribution fee. Accordingly, on or about November 28, 2006, Contagious and Yari Productions entered into the Amendment to Co-Financing Agreement ("Amendment") that, *inter alia*, gave Yari Releasing a distribution fee that was more than double the customary industry standard.

38.    On or about February 8, 2008, Contagious gave Yari Productions timely written notice both that it objected to the sole accounting Yari Productions provided and that it intended to exercise its right to audit Yari Productions' books and records.

39.    On or about April 3, 2008, Contagious gave Yari Productions written notice of Yari Productions' material breaches of both the Co-Production Agreement and the Co-Financing Agreement and reiterated its request to audit Yari Productions' books and records connected with *The Illusionist*.

40.    As of the date of the filing of this complaint, Yari Productions has not allowed Contagious to audit the books and records connected with *The Illusionist*.

8

FIRST AMENDED COMPLAINT

41.    Contagious is informed and believes and thereon alleges that, based thereon, it has not received the full amount of profits owed to it.

42.    The information necessary to determine the full amount owed to Contagious is solely within defendants' possession and control. Yari Productions, however, has prevented Contagious from ascertaining the full amount due to it by failing to provide the required accountings and by refusing to allow Contagious to exercise its right to audit the books and records connected with *The Illusionist*.

43.    Yari Productions' material breaches of the Co-Financing Agreement have caused Contagious to suffer damages in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

44.    Both the Co-Production and the Co-Financing Agreements provide that only California courts (state and federal) shall have jurisdiction over controversies regarding the Co-Production and the Co-Financing Agreements and that the prevailing party in an action arising under said agreements is entitled to recover its reasonable outside attorney's fees.

### III.

### FIRST CAUSE OF ACTION

**(Breach of Contract against Mr. Yari and his Alter Ego, Yari Productions)**

45.    Contagious repeats, realleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 44 above, as if set forth fully herein.

46.    Contagious and Yari Productions, Mr. Yari's alter ego, entered into two written agreements: the Co-Production Agreement and the Co-Financing Agreement.

47.    Contagious performed all conditions, covenants and promises required of it under both the Co-Production Agreement and the Co-Financing Agreement, except where such

9

performance is excused or made impossible by virtue of Yari Productions' failure to perform and/or material breaches of both the Co-Production Agreement and the Co-Financing Agreement.

48.     Yari Productions, Mr. Yari's alter ego, materially breached the Co-Production Agreement, *inter alia*, by:

      a.  Misappropriating approximately $400,000 of Contagious' money for its own separate, unauthorized projects;

      b.  Failing to establish a segregated collection account; and

      c.  Failing to account to Contagious in reasonable detail according to the schedule set forth in the Co-Production Agreement.

49.     Yari Productions, Mr. Yari's alter ego, materially breached the Co-Financing Agreement by, *inter alia*, failing to:

      a.  Provide Contagious with copies of all sale and distribution reports and all sales and distribution agreements;

      b.  Account to Contagious in reasonable detail according to the schedule, including quarterly accounting statements, as set forth in the Co-Financing Agreement;

      c.  Allow Contagious to audit its books and records despite receiving more than twenty (20) days notice; and

      d.  Negotiate in good faith the domestic distribution fee that Yari Productions' affiliated company would receive.

FIRST AMENDED COMPLAINT

50.    As a direct and proximate cause of Yari Productions' material breaches of the Co-Production Agreement and the Co-Financing Agreement, Contagious has suffered damages in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

## IV.

## SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith against

### Mr. Yari and his Alter Ego, Yari Productions)

51.    Contagious asserts this claim for breach of the implied covenant of good faith as an alternate theory of liability for those specific acts of malfeasance by Yari Productions and Mr. Yari described in paragraphs 1 through 44 below.

52.    Contagious and Yari Productions, Mr. Yari's alter ego, entered into two written agreements: the Co-Production Agreement and the Co-Financing Agreement.

53.    Contagious performed all conditions, covenants and promises required of it under both the Co-Production Agreement and the Co-Financing Agreement, except where such performance is excused or made impossible by virtue of Yari Productions' failure to perform and/or material breaches of both the Co-Production Agreement and the Co-Financing Agreement.

54.    Both the Co-Production Agreement and the Co-Financing Agreement contain an implied covenant of good faith and fair dealing that obligates Yari Productions to do nothing to: (a) injure or prejudice the contractual rights of Contagious; (b) wrongfully deny the benefits of the contract accruing to Contagious; or (c) frustrate the purpose and intent of the contract as reasonably understood by the parties.

FIRST AMENDED COMPLAINT

55.     Yari Productions, Mr. Yari's alter ego, breached the implied covenant of good faith and fair dealing in the Co-Production Agreement by, among other things, (a) misappropriating approximately $400,000 of Contagious' initial investment to finance defendants' own separate projects outside the scope of the Co-Production Agreement, and (b) withholding more than $3.0 million Yari Productions owed to Contagious and refusing to repay Contagious unless and until Contagious entered into an Amendment (to the Co-Financing Agreement) and agreed that its affiliate, Yari Releasing, could receive an unconscionably high domestic distributor's fee of 27.5% -- more than double the customary industry standard.

56.     Yari Productions' material breaches of the implied covenant of good faith and fair dealing in the Co-Production Agreement and the Co-Financing Agreement have caused Contagious to suffer damages in an amount according to proof at trial, but not less than the jurisdictional minimum of this Court.

V.

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty against Mr. Yari and his Alter Ego, Yari Productions)

57.     Contagious repeats, realleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 44 above, as if set forth fully herein.

58.     A fiduciary relationship exists between Contagious, on the one hand, and Mr. Yari and his alter ego, Yari Productions, on the other hand.

59.     Mr. Yari and his alter ego, Yari Productions, materially breached their fiduciary duty to Contagious, *inter alia*, by :

12

   a.   Misappropriating approximately $400,000 of Contagious' money for defendants' own separate, unauthorized projects;

   b.   Failing to establish a segregated collection account;

   c.   Failing to account to Contagious in reasonable detail according to the schedule set forth in the Co-Production Agreement;

   d.   Failing to provide Contagious with copies of all sale and distribution reports and all sales and distribution agreements;

   e.   Failing to account to Contagious in reasonable detail according to the schedule, including quarterly accounting statements, as set forth in the Co-Financing Agreement;

   f.   Failing to allow Contagious to audit its books and records despite receiving more than twenty (20) days notice; and

   g.   Failing to negotiate in good faith the domestic distribution fee that Yari Productions' affiliated company would receive.

60.    Mr. Yari and his alter ego, Yari Productions,' breaches of their fiduciary duty have caused Contagious to suffer damages in an amount according to proof at trial, but not less than the jurisdictional minimum of this Court.

**VI.**

**<u>FOURTH CAUSE OF ACTION</u>**

**(Accounting against all Defendants)**

61.    Contagious repeats, realleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 44 above, as if set forth fully herein.

13

FIRST AMENDED COMPLAINT

62.    Legal remedies are inadequate in light of the inter-connected relationships between Yari Productions, Syndicate Films, Illusionist Distribution; Yari Releasing and Mr. Yari as well as the complex participation schedule and financial formulae set forth in the Co-Production Agreement and the Co-Financing Agreement.

63.    An unknown balance is due to Contagious that cannot be ascertained without an accounting, the means of which are solely within the knowledge of defendants.

## VII.

### PRAYER

WHEREFORE, plaintiff Contagious prays for judgment against Yari Productions, Syndicate Films, Illusionist Distribution, Yari Releasing, Mr. Yari and Does 1 through 50, inclusive, jointly and severally, as follows:

### On the First Cause of Action

1.    For compensatory, incidental and consequential damages, according to proof at trial, but in a sum not less than the jurisdictional minimum of this Court, plus interest at the legal rate;

### On the Second Cause of Action

2.    For compensatory, incidental and consequential damages, according to proof at trial, but in a sum not less than the jurisdictional minimum of this Court, plus interest at the legal rate;

14

FIRST AMENDED COMPLAINT

1
2

### On the Third Cause of Action

3      3.      For compensatory, incidental and consequential damages, according to proof at
4
trial, but in a sum not less than the jurisdictional minimum of this Court, plus interest at the legal
5
rate;
6

7

### On the Fourth Cause of Action

8
9      4.      For an accounting between Contagious, Yari Productions, Syndicate Films,
10  Illusionist Distribution, Yari Releasing and Mr. Yari;

11     5.      For payment to Contagious of the amount or amounts due from Yari Productions,
12
Syndicate Films, Illusionist Distribution, Yari Releasing and Mr. Yari as a result of the
13
14  accounting plus interest; and

15

### On all Causes of Action

16     6.      For reasonable attorneys' fees;

17
       7.      For the costs of suit incurred herein; and
18
19     8.      For such other and further relief as is just and proper.

20

21  Dated:  August 25, 2008                          Robert M. Heller,
22                                                   A Professional Law Corporation
23
24
25  By: _____
26                                                   Robert M. Heller, Esq.
                                                     Attorneys for Plaintiff
27
28

15

FIRST AMENDED COMPLAINT

EXHIBIT B

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 02 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

Behzad Nahai, Esq., State Bar No. 112759
Mark F. Wendorff, Esq., State Bar No. 180900
NAHAI LAW GROUP
A Professional Corporation
10850 Wilshire Blvd., Suite 1100
Los Angeles, California 90024
Telephone:  (310) 470-2000
Facsimile:   (310) 470-2003
Attorneys for: Bob Yari Productions, Syndicate Films International, LLC,
           Illusionist Distribution, LLC, and Yari Film Group Releasing, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CONTAGIOUS ENTERTAINMENT, LLC, a New York Limited Liability Company; <br><br>       Plaintiff, <br><br>     v. <br><br> BOB YARI PRODUCTIONS, a California Corporation; SYNDICATE FILMS INTERNATIONAL, a California limited liability company; ILLUSIONIST DISTRIBUTION, LLC, a Delaware limited liability company; YARI FILM GROUP RELEASING, a California limited liability company; BOB YARI, an individual; and DOES 1 through 50 Inclusive; <br>      Defendants. | Case No. BC 390515 <br><br> Dept. 26 <br> Hon. James Dunn <br><br> **ANSWER OF YARI FILM GROUP RELEASING, LLC TO FIRST AMENDED COMPLAINT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Printed on Recycled Paper

1    Defendant Yari Film Group Releasing, LLC, a California limited liability company

2  ("Defendant"), for itself alone and no other, answers the Fourth Cause of Action, for an

3  Accounting, contained in the First Amended Complaint (the "Complaint") of Plaintiff, The

4  Contagious Entertainment, LLC ("Plaintiff"), as follows: [1]

5    1.   Under the provisions of *Cal. Code of Civil Procedure §431.30*, this answering

6  Defendant denies, generally and specifically, each and every allegation contained in said

7  Complaint and the whole thereof, and each and every alleged cause of action thereof, and denies

8  that Plaintiff is entitled to the relief requested, or that Plaintiff sustained damages in the sum or

9  sums alleged, or at all, by reason of any act, breach or omission on the part of this answering

10 Defendant.

11                    **FIRST AFFIRMATIVE DEFENSE**

12                      (Failure to State a Cause of Action)

13    2.   Defendant alleges that the Complaint and each and every cause of action therein fail

14 to state a cause of action as against Defendant.

15                   **SECOND AFFIRMATIVE DEFENSE**

16                         (Statute of Limitations)

17    3.   Defendant is informed and believes, and based thereon alleges that the Complaint and

18 each and every cause of action set forth therein is time barred by the applicable statute of

19 limitations including, but not limited to *Cal. Code of Civil Procedure §§ 337, 338, 339, and 343*.

20                    **THIRD AFFIRMATIVE DEFENSE**

21                             (Laches)

22    4.   Defendant is informed and believes, and based thereon alleges that Plaintiff has

23 inexcusably and unreasonably delayed in the filing of this action, without good cause, and

24 thereby prejudiced Defendant, and this action is therefore barred by the doctrine of laches.

25

26 ─────────────────────

27 [1]  Given that Defendant is only identified as a defendant under the Fourth Cause of Action for an
    Accounting, Defendant is not responding to other causes of action contained in the Complaint.

28

---

Answer of Yari Film Group Releasing, LLC to First Amended Complaint

2

Printed on Recycled Paper

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

5.   Defendant is informed and believes and thereon alleges that Plaintiff engaged in conduct that constitutes a waiver of its rights, if any, regarding the matters alleged in the Complaint.  By reason of said conduct and waiver, any recovery herein as against Defendant is therefore barred.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.   Defendant is informed and believes and thereon alleges that by reason of the conduct of Plaintiff including, without limitation, Plaintiff's negligence, waiver, unclean hands, laches, and other conduct, Plaintiff is estopped to assert any right to relief including, but not limited to, the relief sought in the Complaint herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.   Defendant alleges Plaintiff is barred from recovery asserted in the Complaint by the doctrine of unclean hands, due to Plaintiff's conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Contract)

8.   The Complaint and each and every cause of action therein are barred as a consequence of the lack of a contract and/or agreement between Defendant and Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Causation/Contribution)

9.   Plaintiff's claims are barred, in whole or in part, because the claims alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by Plaintiff's own acts or failures to act.

///

///

---

Answer of Yari Film Group Releasing, LLC to First Amended Complaint

3

Printed on Recycled Paper

### NINTH AFFIRMATIVE DEFENSE

(Intervening Cause / Third Party Conduct)

10. Defendant alleges that Plaintiff's alleged damages, if any, were proximately caused by intervening, superseding causes, or the independent conduct of third parties. Plaintiff's recovery against this answering Defendant, if any, must therefore be reduced to the extent to which Plaintiff's alleged damages, if any, were caused by intervening, superseding causes, or the independent conduct of third parties.

### TENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

11. Defendant is informed and believes, and based thereon alleges that the Complaint and each and every cause of action therein are barred to the extent Plaintiff would be unjustly enriched if awarded any relief.

### ELEVENTH AFFIRMATIVE DEFENSE

(Negligence)

12. Defendant is informed and believes and based thereon alleges that the Complaint and each and every cause of action contained therein is barred by reason of Plaintiff's negligence.

### TWEFLTH AFFIRMATIVE DEFENSE

(Unconscionability)

13. Defendant is informed and believes and based thereon alleges that the alleged contracts alleged in the Complaint are unenforceable by reason of unconscionability.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Account Rendered)

14. Defendant is informed and believes and based thereon alleges that Plaintiff has been provided with true and accurate accounting of all relevant items and information in connection with the matters raised in the Complaint.

/ / /

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

15. Defendant alleges that as a result of Plaintiff's conduct including, without limitation, Plaintiff's failure to perform or comply with the terms of any agreement alleged in the Complaint, Defendant is entitled to an offset and set off against any alleged liability, if any, with respect to any claims arising out of the conduct of Plaintiff.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

16. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses available. Therefore, Defendant reserves its right to assert all defenses including affirmative defenses, which may be disclosed or become relevant to the Complaint herein through investigation or discovery.

WHEREFORE, as to all causes of action herein, Defendant prays as follows:

1. Plaintiff takes nothing by this action;

2. That the Complaint be dismissed in its entirety, with prejudice;

3. For costs of suit incurred herein;

4. For reasonable attorney's fees incurred herein; and

5. For other and further relief as the Court deems reasonable and proper.

Dated: December 1, 2008

NAHAI LAW GROUP,
a professional corporation

By: _____

Behzad Nahai
Mark F. Wendorff
Attorneys for Bob Yari Productions,
Syndicate Films International, LLC,
Illusionist Distribution, LLC, and Yari Film
Group Releasing, LLC

---

Answer of Yari Film Group Releasing, LLC to First Amended Complaint

5

Printed on Recycled Paper

**PROOF OF SERVICE**
(1013A(3) CCP Revised 5/1/88)

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Nahai Law Group, 10850 Wilshire Boulevard, Suite 1100, Los Angeles, CA 90024.

     On December 2, 2008, the foregoing document(s) described as **ANSWER OF YARI FILM GROUP RELEASING, LLC TO FIRST AMENDED COMPLAINT** on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Robert M. Heller, Esq.
ROBERT M. HELLER,
A PROFESSIONAL LAW CORPORATION
1875 Century Park East, Suite 1000
Los Angeles, CA 90067
Heller@rhellerlaw.com

\_\_\_\_  **(BY MAIL)** l deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid, as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_(BY FEDERAL EXPRESS)** I caused the foregoing to be deposited with Federal Express, with delivery charges fully prepaid, for overnight delivery.

  X**  (BY PERSONAL DELIVERY)** I caused the foregoing document(s) to be hand delivered by ProLegal, 1706 South Figueroa Street, Los Angeles, California 90015, to the office of the addressees identified with an asterisk (*) in the attached service list.

  X  **(STATE):**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 2, 2008 at Los Angeles, California.

TIFFANY LOK